PETER L. CARR, IV (SBN 256104)
NA'SHAUN L. NEAL  (SBN 284280)
**PLC LAW GROUP, APC**
3756 SANTA ROSALIA DR., SUITE 326
LOS ANGELES, CA 90008
TELEPHONE: (310) 400-5890
FACSIMILE:  (310) 400-5895
pcarr@theplclawgroup.com
nneal@theplclawgroup.com

Attorneys for Plaintiff,
LaMario Wiggins, by and through his
Guardian Ad Litem, Tameka Wiggins

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMARIO WIGGINS, by and through his Guardian Ad Litem, TAMEKA WIGGINS<br><br>              Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES; and DOES 1 through 50 inclusive,<br><br>          Defendants. | **PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)<br>2.  Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)<br>3.  Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)<br>4.  False Arrest / False Imprisonment<br>5.  Battery<br>6.  Negligence<br>7.  Violation of the Bane Act<br>8.  Violation of ADA (Title II) and the Rehabilitation Act (42 U.S.C. § 1983) |

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

Plaintiff LAMARIO WIGGINS, by and through his Guardian Ad Litem, TAMEKA WIGGINS, complains of Defendants City of Los Angeles, a public entity, and DOE Officers 1-50, inclusive, as follows:

### JURISIDICTION AND VENUE

1.    This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4) as Plaintiff asserts claims arising under the laws of the United States that include 42 U.S.C. § 1983, and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

2.    This court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367 (a), because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3.    The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

### CLAIMS STATUTE REQUIREMENT

4.    On or about November 16, 2017, Plaintiff filed a timely Governmental Claims for Damages before the Los Angeles County Superior Court. On or about December 5, 2017, the City of Los Angeles denied Plaintiff's Claims for Damages. A true and correct copy of the December 5, 2017 Claim Denial is attached hereto as Exhibit "1".

### PARTIES

5.    At all relevant times herein, LAMARIO WIGGINS (hereinafter referred to as "Mr. Wiggins" or "Plaintiff"), suing here by and through his Guardian Ad Litem, TAMEKA WIGGINS, was an individual residing in the City of Los Angeles, County of Los Angeles, California.

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

6.      At all times material herein, the Los Angeles Police Department ("LAPD") was a department of the Defendant CITY OF LOS ANGELES ("COLA" or "CITY"), a public entity duly organized and existing under the laws of the State of California, and was responsible for the hiring, retaining, training, and supervision of the conduct, policies, and practices of its employees and agents of the LAPD and all of its members, agents, and employees.

7.      Plaintiff is informed, believes, and based thereon alleges that at all times material herein, Defendant DOE Officers 1–50, inclusive, ("DOE officers") were each duly appointed officers employed as such by the Defendant CITY OF LOS ANGELES in its Police Department, and at the time of the acts hereinafter complained of, each said Defendant acted in the course and scope of such employment and under color of law.  They are sued in their individual capacity.

8.      The true names of Defendant DOE Officers 1–50, inclusive, are not now known to Plaintiff, who therefore sues said Defendants by such fictitious names. Upon ascertaining the true name of a DOE Defendants, Plaintiff will amend this complaint, or seek leave to do so, by substitution same for a said fictitious name. Plaintiff is informed and believes, and based thereon allege, that each DOE Defendant herein is in some manner responsible for the injuries and damages complained of herein.  Plaintiff requested information about the incident that caused injuries and damages but Defendant CITY refused to provide any information related to the incident without a subpoena.

9.      At all times material herein, each Defendant acted as an employee, agent, representative, and officer of every other Defendant herein, and acted within the course and scope of such employment and agency.

## FACTS COMMON TO ALL COUNTS

10.      Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

11.    On the evening of July 20, 2017, Plaintiff was shot by the Los Angeles Police Department's DOE Officers at the location of 444 West 84th Street, Los Angeles, CA, 90003.

12.    Without probable cause or reasonable suspicion that Plaintiff had committed a crime, police officers shot Plaintiff with a bean bag round, causing injuries.

13.    Upon information and belief, the LAPD dispatched officers to the location because they had received a call that a black male, approximately 50 years of age, committed a robbery at a nearby residence. The dispatcher informed the officers that the robbery suspect was armed with a large steak knife and hammer.

14.    On the night of the incident, Plaintiff did not meet the description of the suspected robber. Likewise, it was plainly and visually evident that Plaintiff suffered from an intellectual disability.

15.    Despite the lack of any physical similarities between the described robbery suspect and the Plaintiff, LAPD DOE Officers approached Plaintiff, who was lawfully sitting upon the curb across the street from his own residence, and began to aggressively question him.

16.    Ann, Mr. Wiggins' neighbor, observed the DOE Officers' interaction with the Plaintiff approached the Officers and informed them that the Plaintiff was a resident of an adjacent apartment.

17.    This neighbor additionally informed the DOE Officers that the Plaintiff suffered from an intellectual disability and could not understand the officers' commands.

18.    Despite this information, the DOE Officers continued to barrage the Plaintiff with questions, which he was unable to answer because of his intellectual disability.

19.    Despite having been informed and knowing that the Plaintiff was intellectually disabled, and that he did not fit the description of the robbery suspect, the DOE Officers shot the Plaintiff with a bean bag round.

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

20.     Prior to the DOE Officers' use of force, Plaintiff was sitting lawfully upon the curb, and did not pose a threat to either the officers' safety or the safety of the community.

21.     Prior to the DOE Officers' use of force, Plaintiff did not approach the officers, nor did he make any furtive movements.

22.     Defendant DOE Officers, who knew or should have known that Plaintiff was injured and in need of emergency medical services to which he was entitled, failed to accommodate this need for the Plaintiff, providing no medical assistance, nor calling for any emergency medical services to assist the Plaintiff.

23.     After the shooting, Plaintiff's sister, Tameka Wiggins, and her boyfriend, Fosque Denmark, exited their home to check on the commotion outside.  When they learned about the shooting, they both told the Los Angeles Police Department Officers Perez and Williams that the officers had acted irrationally by shooting the Plaintiff.  Officers Perez and Williams responded with an apology and left the scene.

24.     After the incident, Los Angeles Police Department Sergeant Klein told Plaintiff's family that the officers were aware of his mental disability. Sergeant Klein admitted that Los Angeles Police Department made a mistake in shooting Plaintiff.

25.     After the DOE Officers' departure, Plaintiff was transported by his sister, Tameka Wiggins, to Centinela Hospital in Inglewood, California, to have his injuries examined.

26.     Prior to the shooting, Plaintiff did not pose any reasonable threat of violence to the DOE Officers, nor did he do anything to justify the use of excessive, unreasonable, unlawful, and unnecessary force used against him by the Officers.

27.     As a result of the shooting, Plaintiff has sustained injuries in an amount to be determined at trial.

28.    In committing the acts and omissions alleged in this Complaint, Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiff, justifying an award of punitive damages under federal and California law against each individual Defendant.

## MONELL ALLEGATIONS

29.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

30.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant CITY of LOS ANGELES is liable for all injuries sustained by Plaintiff set forth herein.  COLA bears liability because its policies, practices and/or customs were a cause of Plaintiff's injuries.  COLA and its officials maintained or permitted one or more of the following official policies or customs:

A.    Failure to provide adequate training and supervision to officers with respect to constitutional limits on the use of potentially deadly force;

B.    Failure to provide adequate training and supervision to officers with respect to constitutional limits on the use of force and detention;

C.    Failure to provide adequate training and supervision to officers with respect to their duties to accommodate individuals covered under the Americans With Disabilities Act, such as the Plaintiff, including the requirement to accommodate in the provision of emergency medical services;

D.    Failure to adequately investigate, take appropriate corrective action, discipline or retrain officers involved in misconduct;

E.    Selection, retention, and assignment of officers with demonstrable propensities for excessive force, violence, dishonesty and other misconduct;

F.    Condonation and encouragement of officers in the belief that they can violate the rights of persons, such as the Plaintiff, with impunity, and that such

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

conduct will not adversely affect their opportunities for promotion and other employment benefits.

       G.    Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint and, in particular, the ratification of conduct and the shooting of the Plaintiff.

31.    Defendant City of Los Angeles was well aware of their need to train their officers to ensure police officers respond differently to persons with limited intellectual ability and/or mental disabilities with prior incidents of excessive force being deployed against people with mental disabilities and limited intellectual capacity such as the incident with Ezell Ford in 2015,

32.    City of Los Angeles is well aware of their policies and training being as early as of 2001 when it entered into a federal consent decree to improve its response to persons suffering from mental illness.

33.    On March 1, 2016, the Los Angeles Times reported that more than 1/3 of the persons shot by LAPD officers were mentally ill.[1] The authors reported that African Americans continued to account for a disproportionately high number of people shot by officers.  The authors also reported that 25% of the less serious uses of forces such as Taser or firing a bean-bag shotgun involved someone the officer believed was mentally ill.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] "More than a third of people shot by L.A. police last year were mentally ill, LAPD report finds" by Kate Mather and James Queally in Los Angeles Times published on March 1, 2016 accessed at http://www.latimes.com/local/lanow/la-me-ln-lapd-use-of-force-report-20160301-story.html on April 17, 2018.

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

## FIRST CAUSE OF ACTION

### Unreasonable Search and Seizure - Detention and Arrest (42 U.S.C. § 1983)

### (PLAINTIFF against all DEFENDANTS, DOES 1–50, inclusive except CITY OF LOS ANGELES)

34.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

35.    Defendant DOE Officers caused Plaintiff to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution as applied to state actors by the Fourteenth Amendment.

36.    As a result of the conduct of Defendant DOE Officers, individually and as peace officers; they are each liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

37.    The Plaintiff was detained without reasonable suspicion and arrested without probable cause.

38.    The acts and omissions of Defendant DOE Officers were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages.

39.    Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)

### (PLAINTIFF against all DEFENDANTS, DOES 1–50, except CITY OF LOS ANGELES)

40.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

41.    Defendant DOE Officers' unjustified shooting deprived Plaintiff on his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution as applied to state actors by the Fourteenth Amendment.

42.    The unreasonable use of force by Defendants deprived the Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution as applied to state actors by the Fourteenth Amendment.

43.    As a result, Plaintiff suffered extreme pain and suffering, for which Plaintiff is entitled to recover damages.

44.    As a result of the conduct of Defendant DOE Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

45.    Defendant DOE Officers, knew or should have known that failure to provide the Plaintiff with timely emergency medical treatment, to which he was entitled, could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need.

46.    This use of force was excessive and unreasonable under the circumstances, especially since Plaintiff had done nothing violent or criminal before, during, and after he was shot. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment as applied to state actors by the Fourteenth Amendment.

47.    The acts and omissions of Defendant DOE Officers were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages.

48.    Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

/ / /

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

**THIRD CAUSE OF ACTION**

**Custom, Practice or Policy Causing Violation of Civil Rights (42 U.S.C. § 1983)**

**(PLAINTIFF against all DEFENDANTS)**

49.     Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

50.     On or about July 20, 2017, Defendant DOE Officers' action under the color of state law in their personal capacity deprived Plaintiff of the rights, privileges, and immunities secured by the Fourth Amendment right against unreasonable searches and seizures, and Eighth Amendment right against cruel and unusual punishment under the United Sates Constitution, by maintaining and enforcing a custom, policy, or practice of negligently hiring, retaining, training, assigning, supervising and disciplining personnel who are predisposed to unlawfully detain and/or arrest Plaintiff, deny access to emergency medical services or fail to provide medical attention for serious medical conditions, and of permitting, condoning, and ratifying violations by its officers and other medical providers.

51.     On or about July 20, 2017, and for some time prior thereto and since that time, Defendants have condoned, tolerated, and accepted:

    a.     the deliberate indifference in the use of excessive force to effect lawful arrests and detention of citizens, the unlawful arrests and detention of citizens, denial of medical attention, and access to medical care.

    b.     the deliberate indifference in the use of excessive force to effect lawful arrests and detention of citizens with intellectual disabilities.

52.     Said acts and omissions, practices, customs, or policies by Defendants were the driving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

/ / /

/ / /

/ / /

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

## FOURTH CAUSE OF ACTION

### False Arrest

### (PLAINTIFF against all DEFENDANTS)

53.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

54.    Defendants, while working as police officers for the Defendant CITY of LOS ANGELES, and acting within the scope of their duties, intentionally deprived Plaintiff of his freedom of movement by use of force, including potentially lethal force, threats of force, menace, fraud, deceit and unreasonable duress. Defendants also detained Plaintiff. Said detention was made without reasonable suspicion.

55.    Plaintiff did not knowingly or voluntarily consent to the aforementioned detention.

56.    The actions and omissions of Defendants was a substantial factor in causing the harm to Plaintiff.

57.    The CITY of LOS ANGELES is vicariously liable for the wrongful acts of Defendant DOE Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

58.    The acts and omissions of Defendant DOE Officers were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### Battery

### (Plaintiffs against all DEFENDANTS)

59.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

60.    Defendant DOE Officers, while working as officers for the Defendant CITY

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

OF LOS ANGELES Police Department and acting within the course and scope of their duties, intentionally shot Plaintiff.

61.    As a result of the actions and omissions by the Defendant DOE Officers, Plaintiff experienced severe pain and suffering, for which he is entitled to recover damages.

62.    Defendant DOE Officers had no legal justification for using force against Plaintiff, and said Defendants' force was unreasonable, especially since Plaintiff had not committed any crime before he was shot.

63.    As the direct and legal result of Defendant DOE Officers' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body.

64.    The Defendant CITY of LOS ANGELES is vicariously liable for the wrongful acts of Defendant DOE Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65.    The acts and omissions of Defendant DOE Officers were malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling him to an award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION

### Negligence

### (PLAINTIFF against all DEFENDANTS)

66.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

67.    The acts and omissions of the Defendant DOE Officers were negligent and reckless, including but not limited to:

      a.    The failure to properly assess the need to detain, arrest, and use force or potentially lethal force against Plaintiff;

b. The negligent tactics and handling of the situation with Plaintiff;

c. The negligent detention, arrest, and use of force, including severe force, against Plaintiff;

d. The failure to provide prompt medical care to Plaintiff;

e. The failure to properly train and supervise employees, both professional and non-professional, including Defendants; and

f. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Plaintiff and similarly situated special needs persons.

68.    As a direct and legal result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering, for he is entitled to recover damages. Also, as a direct and legal result of Defendants' conduct alleged above, Plaintiff suffered extreme and severe mental anguish and pain and have been injured in mind and body.

69.    The CITY of LOS ANGELES is vicariously liable for the wrongful acts of Defendants, individually and as peace officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SEVENTH CAUSE OF ACTION

### Violation of the Bane Act (Cal. Civil Code §§ 52 and 52.1)

### (PLAINTIFF against all DEFENDANTS and DOES 1-50, inclusive, <u>except</u> CITY OF LOS ANGELES)

70.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

71.    As alleged herein, Defendant DOE Officers interfered by threats, intimidation, or coercion with Plaintiff's rights under state and federal laws and

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

under the state and federal constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity, including their rights under California Civil Code § 43, California Penal Code §§ 149, 240 and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

72.    The Eighth Amendment to the United States Constitution and Article I of the California Constitution guarantee the right of persons to be free from cruel and unusual punishment.    Defendant DOE Officers, by engaging in deliberate indifference to Plaintiff's serious medical needs, interfered with Plaintiff's enjoyment of his rights under federal and California law, thus giving rise to claims for damages pursuant to California Civil Code § 52.1.

73.    Defendant DOE Officers' conduct caused Plaintiff extreme pain and suffering.

74.    As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

## EIGHTH CAUSE OF ACTION

## Violation of ADA (Title II) and the Rehabilitation Act (42 U.S.C. § 1983)

## (Against ALL DEFENDANTS)

75.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

76.    Plaintiff was a "qualified individual," with a intellectual disability and medical impairments that limited and/or substantially limited his ability to care for himself and control his mental, medical, or physical health condition as defined under the ADA, 42 U.S.C. § 12132 (2), under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540 (k), and qualified as an individual with a mental and physical disability under California law.

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

77.    Defendant DOE Officers' policing activities fall within the definition of "services, programs, or services" covered be the Rehabilitation Act, 29 U.S.C. § 794 (b), which have been interpreted to encompass anything that a public entity does.

78.    Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101 (a)(2).

79.    Defendant CITY of LOS ANGELES is mandated under the ADA not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, *services*, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182 (a) (emphasis added).

80.    42 U.S.C. § 12182 (b)(1)(A)(iii) provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class, directly, or through contractual licensing, or other arrangements, with a good, *service*, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals" (emphasis added).

81.    Defendant CITY OF LOS ANGELES and the LOS ANGELES POLICE DEPARTMENT receive federal funding, and under 29 U.S.C. §§ 794 (b)(1)(A) & (B), and (d), are therefore required to accommodate Plaintiff's disability.

82.    Plaintiff was discriminated against in the provision of appropriate medical and/or mental health care services because of his disability, in that he was not provided adequate services to accommodate his disability and treatment needs, specifically when the Defendant Officers failed to provide emergency medical services, to which he was entitled, before Defendants shot and injured him.

83.    Plaintiff was entitled to the aforementioned health care services.

84.    Defendant DOE Officers recognized and were informed that Plaintiff was an intellectually impaired individual.

85.    Defendant DOE Officers knew or should have known that Plaintiff's disability would interfere with his own ability to seek such treatment.

86.    Plaintiff was entitled to receive a

87.    Defendant DOE Officers additionally discriminated against Plaintiff by persisting in their barrage of harassing questions to which they knew or should have known the Plaintiff could not respond due to his intellectual disability.

88.    The Officers chose to continue to engage and confront the Plaintiff, despite having knowledge that Plaintiff was intellectually impaired, bore no resemblance to the robbery suspect which they sought, and was not causing a threat to himself or any other individuals, and proceeded to shoot Plaintiff.

89.    As the direct and legal result of the Defendants' failure to accommodate Plaintiff's intellectual disability, Plaintiff suffered greater injury than a similarly situated non-disabled individual.

## PRAYER

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

1.    For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2.    For special damages according to proof;

3.    For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant DOE Officer;

4.    For prejudgment interest;

5.    For attorney's fees pursuant to 42 U.S.C. § 1983 & Civ. Code § 52.1(h);

6.    For reasonable costs of this suit incurred herein;

PLC LAW GROUP, APC
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

7.    For such other and further relief as the Court may deem just, proper and appropriate.

Date: May 30, 2018                          **PLC LAW GROUP, APC**

                                            /s/ *Na'Shaun L. Neal*
                                            _____
                                            Peter L. Carr, IV
                                            Na'Shaun L. Neal
                                            Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a trial by jury on all issues and claims.

Dated: May 29, 2018                          **PLC LAW GROUP, APC**

                                            /s/ *Na'Shaun L. Neal*
                                            _____
                                            Peter L. Carr, IV
                                            Na'Shaun L. Neal
                                            Attorneys for Plaintiff

**PLC LAW GROUP, APC**
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

# EXHIBIT 1



**MICHAEL N. FEUER**
CITY ATTORNEY

December 5, 2017

Peter L. Carr
Sias / Carr LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

    RE:       Our Claim No.: C18-02190
                Your Client/Insured: LaMario Wiggins
                   Date of Loss: 07/20/2017

Dear Sir/Madam:

The subject claim against the City has been referred to this office.  Upon review of the circumstances of your claim and the applicable law, it has been determined that your claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

***WARNING***

**"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

**"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

                      Very truly yours,

                      Thomas Wong
                      Chief Claims Investigator

TWONG:FDIAZ
Telephone: 213-978-7081
Enclosure(s)

## PROOF OF SERVICE BY MAIL

I, Fernando Diaz-Veliz, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On December 5, 2017, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C18-02190 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

Peter L. Carr
Sias / Carr LLP
3756 Santa Rosalia Drive, Suite 326
Los Angeles, CA 90008

I declare under penalty of perjury that the following is true and correct. Executed on December 5, 2017, at Los Angeles, California.

Fernando Diaz-Veliz